ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. A...

AUG 14 2003

LUTHER D. ... lerk
By: /s/ ...... Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NENA ALLEN,
    Plaintiff,

v.                                      1:01-CV-3691-CAM

MARIETTA HOUSING AUTHORITY,
et al.,
    Defendants.

---

HOUSING AUTHORITY FOR THE
CITY OF MARIETTA, dba
Marietta Housing Authority,
    Plaintiff,

v.                                      1:02-CV-1611-CAM

NENA ALLEN,
    Defendant.

## ORDER

Nena Allen filed Civil Action Number 1:01-cv-3691-CAM on December 19, 2001, seeking to have her Section 8 housing voucher reinstated by, as well as monetary damages from, Defendants Housing Authority for the City of Marietta, Georgia (MHA), and Larry Thompson, Executive Director of MHA. Civil Action Number 1:02-cv-1611-CAM began in the Magistrate Court of Cobb County where MHA sought to evict Allen from her public housing unit. It was eventually transferred to the Superior Court of Cobb County, from which it was removed to this Court on June 11, 2002. These cases are before the Court on the unopposed motion of Allen to supplement her Complaint in Civil Action Number 1:01-cv-3691-CAM, and on the motions of both parties for summary judgment in both cases. MHA has

AO 72A
(Rev.8/82)

18

requested oral argument on the motions for summary judgment.

## FACTUAL BACKGROUND

Between May 2000 and January 2002, Allen and her children lived at the Johnny Walker Homes public housing complex in Marietta, Georgia, owned and operated by MHA. In April 2001, Allen was notified by MHA that Johnny Walker Homes was to be demolished, and she was given a choice of moving to another public housing unit or receiving a Section 8 voucher for rental assistance in private housing. Allen elected to receive a Section 8 voucher and was issued a voucher by MHA on September 19, 2001. On October 10, 2001, MHA notified Allen that her request for a Section 8 voucher was being denied based on the termination of her public housing lease by MHA for alleged drug-related criminal activity in her apartment.

On July 25, 2001, when Allen took her children to day care, she realized she had forgotten their diaper bag. She contacted Angel Harris, told Harris she would leave the key to her apartment at the day care, and asked Harris to get the key, go to her apartment to get the diaper bag, and take the diaper bag and the key to day care. Contrary to what Allen asked, Harris kept the key and returned to the apartment. Later in the day, Officer Cailouette, an MHA security employee, detected a strong smell of marijuana outside Allen's apartment. He entered the apartment and found Harris inside. Cailouette searched the apartment and found one marijuana seed. No members of Allen's household were present, and no arrests were made. Allen did not know of the drug incident until she

2

received the notice that she was being evicted and her Section 8 voucher denied. Nevertheless, the lease Allen signed for her public housing contained a "Zero Tolerance" or "One Strike and You're Out" policy as to the lease provisions regarding criminal activity "by a Tenant, any member of the household, a guest, or another person under their control."

MHA filed a dispossessory action in the Magistrate Court of Cobb County in October 2001. Allen answered, a hearing was held, and, on October 29, 2001, judgment was entered against Allen. On November 14, 2001, the Magistrate Judge supplemented the record with findings of fact and conclusions of law, determining that Harris was "'another person under [Allen's] control, as defined in the lease, when [Allen] made a key to her apartment available to her" and that MHA was "entitled to evict [Allen] for drug-related criminal activity in her apartment."

Allen appealed the decision to the State Court of Cobb County. On December 6, 2001, the State Court continued the case until February 27, 2002, for discovery by all parties.

On December 19, 2001, Allen filed Civil Action Number 1:01-cv-3691-CAM. On January 4, 2002, Allen filed a motion for a Temporary Restraining Order (TRO) requiring MHA to restore her Section 8 housing assistance. Following a hearing on January 4, 2002, and in an Order dated January 9, 2002, the Court enjoined and restrained MHA from continuing to deny Allen an informal review of the decision to revoke her Section 8 benefits and ordered MHA to relocate Allen from her public housing unit in Johnny Walker Homes to a similar-

3

sized public housing unit in another development. On January 10, 2002, Allen was relocated to another public housing project. On January 18, 2002, MHA filed a motion to dismiss Allen's application for a TRO, and, on January 22, 2002, a motion for reconsideration of the Order of January 9, 2002. Following a hearing on February 13, 2002, the Court denied MHA's motions and modified the TRO to require that Allen be given an informal review hearing before MHA within fourteen days.

The informal review was held on February 25, 2002, presided over by Jan Beall, Executive Director of the City of Marietta Section 8 Program. Both Allen and MHA were represented by counsel, who were allowed to give opening statements. All witnesses were sworn and testified under oath subject to cross-examination. Testimony was give by Allen, Harris, Officer Cailouette, and Cecila Byrd, MHA Section 8 Director. The proceedings were recorded by a certified court reporter and notary supplied by MHA. On March 11, 2002, Beall issued her Informal Review Determination, finding: (1) as of the date of the informal review, Allen had not been evicted from public housing for drug-related activity; (2) there was no evidence that Allen had been arrested or convicted of a drug-related crime; and (3) the circumstances surrounding the illegal drug activity in Allen's apartment no longer existed. Beall concluded Allen's Section 8 voucher must be re-instated immediately, but "if and when the Court grants MHA's original eviction order, MHA may then execute all remedies as specified within the parameters of the Section 8 Administrative Plan."

4

On March 12, 2002, MHA notified Allen that she had prevailed at the informal review, and, on April 10, 2002, MHA issued Allen a Section 8 voucher. On April 29, 2002, Allen vacated public housing and moved into a private rental unit with assistance provided by the Section 8 voucher.

On April 24, 2002, MHA filed an amendment to the complaint in the dispossessory action and, on May 13, 2002, a second amended complaint. In the second amended complaint, for the first time, MHA sought to revoke Allen's Section 8 voucher, making reference to Section 8 of the National Housing Act of 1937, as amended, and sought to terminate Allen's participation in any public housing assistance program. In an order dated June 3, 2002, the State Court of Cobb County dismissed the underlying dispossessory proceeding as moot because Allen had vacated the premises at issue, and transferred the case to the Superior Court of Cobb County for all further proceedings.

On June 11, 2002, Allen removed the case to this Court, where it was assigned Civil Action Number 1:02-cv-1611-CAM. On July 9, 2002, MHA filed a motion to remand, which was denied by this Court in an Order dated October 10, 2002.

On September 27, 2002, in Civil Action Number 1:01-cv-3691-CAM, Allen filed a motion for leave to file a supplemental complaint seeking to add references to the informal review ordered by this Court and the results of that review.

On October 28, 2002, Allen filed a motion for summary judgment in Civil Actions 1:01-cv-3691-CAM and 1:02-cv-1611-CAM. On December

9, 2002, MHA filed a cross motion for summary judgment in Civil Action Numbers 1:01-cv-3691-CAM and 1:02-cv-1611-CAM.

## LEGAL STANDARDS AND ANALYSIS

The facts in this case are not in dispute. The parties disagree as to the legal standards and the conclusions that should be drawn from the facts.

Allen contends she is entitled to summary judgment because (1) the decision of the hearing officer at the informal review is final and binding because MHA and Thompson adopted and ratified the decision by notifying Allen that she had prevailed and by issuing her a Section 8 voucher; and (2) she was never evicted from public housing.

MHA and Thompson contend they are entitled to summary judgment because Allen is not eligible for any federally assisted housing, including a Section 8 voucher, because she was evicted from public housing by the decision of the Magistrate Judge of Cobb County, whose decision, although appealed to the State Court of Cobb County, was not reversed.

A.  Legal Standards

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." Lake Lucerne Civic Ass'n, Inc. v. Dolphin Stadium Corp., 878 F2d. 1360,

1367 (11th Cir. 1989), cert. denied, 493 U.S. 1079 (1990) (quoting United States v. Utah Construction & Mining Co., 384 U.S. 394, 421-22 (1966)). "When [formality in an administrative hearing] is sufficiently diminished, the administrative decision may not be res judicata. The starting point in drawing the line is the observation that res judicata applies when what the agency does resembles what a trial court does." Id. (quoting 4 K. Davis, Administrative Law Treatise 52 (2d ed. 1983)) (addition in Lake Lucerne). "Under those principles, it is 'the character of the administrative hearing [which] ... determines ... the applicability of the doctrine of administrative res judicata.'" Id. (quoting Coral Reef Nurseries, Inc. v. The Babcock Co., 410 So.2d 648, 652 (Fla. 3d D.C.A.1982)). "Thus, it is necessary to examine the 'procedural due process which is afforded to the interested parties,' that is, 'the safeguards of due notice, a fair opportunity to be heard in person and through counsel, the right to present evidence, and the right to cross-examine adverse witnesses.'" Id. (quoting Coral Reef at 652).

Federal law provides that

> [a]ny tenant evicted from federally assisted housing by reason of drug-related criminal activity . . . shall not be eligible for federally assisted housing during the 3-year period beginning on the date of such eviction, unless the evicted tenant successfully completes a rehabilitation program approved by the public housing agency (which shall include a waiver of this subsection if the circumstances leading to eviction no longer exist).

42 U.S.C. § 13661(a).

Under Georgia law,

> [a]n appeal from the magistrate court to the state court is a de novo appeal. Upon a de novo appeal, the state

7

court is to "try the issue anew and pass original judgments on the questions involved as if there had been no previous trial." Once a de novo appeal from a magistrate court in proper form is taken to a state or superior court, there is no statutory provision for the remand of the case or for reinstatement of the judgment of the magistrate court.

Scott v. Aaron, 221 Ga. App. 254-255 (1996)(citations omitted).

B. Analysis

Although the hearing on February 25, 2002, was denominated an "informal review," the Court finds that the procedures were sufficiently formal and that the review sufficiently "resemble[d] what a trial court does" for the determinations of the hearing officer to have a preclusive effect. Thus, Allen's Section 8 housing voucher, ordered by the informal review hearing officer, can be rescinded only upon a finding that "MHA's original eviction order" was granted.

When Allen appealed the Magistrate Court decision, under Georgia law, the decision of the Magistrate Court became a nullity. Before the State Court could "try the issue anew," Allen had moved from public housing and the issue of whether MHA could evict her was moot. Thus, because the judgment of the Magistrate Court cannot be reinstated, Allen was not evicted from public housing and MHA's eviction order was not granted.

CONCLUSION

The unopposed motion to supplement the Complaint [30-1, Civil Action No. 1:01-cv-3691-CAM] is GRANTED. For the reasons stated

AO 72A
(Rev.8/82)

above, Allen's motion for summary judgment [31-1, Civil Action No. 1:01-cv-3691-CAM; 7-1, Civil Action No. 1:02-cv-1611-CAM] is GRANTED and MHA's cross motion for summary judgment [35-1, Civil Action No. 1:01-cv-3691-CAM; 11-1, Civil Action No. 1:02-cv-1611-CAM] is DENIED.  MHA's request for oral argument [36-1, Civil Action No. 1:01-cv-3691-CAM; 12-1, Civil Action No. 1:02-cv-1611-CAM] is DENIED.

**Clerk of Court** is directed to enter judgment for Plaintiff in Civil Action No. 1:01-cv-3691-CAM and for Defendant in Civil Action No. 1:02-cv-1611-CAM.  This closes both cases.

SO ORDERED, this 14th day of August, 2003.

                                                    UNITED STATES DISTRICT JUDGE
                                                    CHARLES A. MOYE, JR.

CAM:J

**ENTERED ON DOCKET**

AUG 1 5 2003

L.D.T., CLERK

DEPUTY CLERK

AO 72A
(Rev.8/82)